**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**ISHWAR UTTAMCHANDANI,**

**Defendant.**

**3:12-CR-613-BR**

**OPINION AND ORDER**

**S. AMANDA MARSHALL**
United States Attorney
**HANNAH HORSLEY**
**SCOTT ERIK ASPHAUG**
Assistant United States Attorneys
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204
(503) 727-1000

Attorneys for Plaintiff

**ERNEST WARREN, JR.**
Warren & Sugarman
838 S.W. First Avenue
Suite 500
Portland, OR 97204
(503) 228-6655

Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion (#97) to Withdraw Guilty Plea. For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On May 22, 2013, the government filed a Superseding Indictment charging Defendant Ishwar Uttamchandani with two counts of Bank Fraud in violation of 18 U.S.C. § 1344 related to an alleged scheme to defraud Washington Mutual Bank "in that defendant . . . caused Lawyers Title Insurance Corporation to give him money that defendant knew was owed to Washington Mutual Bank" in relation to property at 432 S.E. 12th Avenue and 436 S.E. 12th Avenue, Hillsboro, and two counts of Bank Fraud in violation of 18 U.S.C. § 1344 related to an alleged scheme to defraud Washington Mutual Bank "in that defendant . . . caused Washington Mutual Bank to fund two mortgage loans" related to property at 42450 N.W. Palace Drive, Banks, Oregon.

On July 12, 2013, Defendant pled guilty to Count One of the Superseding Indictment pursuant to a Plea Agreement. Specifically, Defendant pled guilty to the following:

> On or about April 21, 2005, in the District of Oregon . . . [Defendant] did execute the material scheme to defraud and to obtain money by false and fraudulent statements, representations, promises, and omissions from Washington Mutual Bank, a

> federally insured institution, in that [Defendant] caused Lawyers Title Insurance Corporation to give him money that defendant knew was owed to Washington Mutual Bank in the approximate amount of$99,000 for the loan property at 432 S.E. 12th Hillsboro, Oregon. All in violation of Title 18, United States Code, Section 1344.

Plea Pet. at 2.

On October 22, 2013, before the Court had sentenced Defendant, Defendant filed a Motion to Withdraw Guilty Plea.

On November 7, 2013, the Court heard oral argument on Defendant's Motion.

## DISCUSSION

Federal Rule of Criminal Procedure 11(d)(2)(B) provides a Defendant "may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal."

> While the defendant is not permitted to withdraw his guilty plea "simply on a lark," *United States v. Hyde*, 520 U.S. 670, 676-77 (1997), the "fair and just" standard is generous and must be applied liberally. "Prior to sentencing, the proper inquiry is whether the defendant has shown a fair and just reason for withdrawing his plea even if the plea is otherwise valid."

*United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008).

In the Ninth Circuit,

> “[f]air and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or

> any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Davis*, 428 F.3d at 805 (internal quotation marks omitted). Erroneous or inadequate legal advice may also constitute a fair and just reason for plea withdrawal, even without a showing of prejudice, when the motion to withdraw is made presentence. *Id*. at 806. Where a defendant shows that his counsel's gross mischaracterization [of a possible sentence] plausibly could have motivated his decision to plead guilty[,] [n]othing in Rule 11(d)(2)(B) requires a defendant to show more in order to satisfy the 'fair and just reason' standard.

*Id*.(quotation omitted).

Defendant moves to withdraw his guilty plea on the grounds that (1) after he pled guilty, he spoke with Imelda Ortiz who allegedly advised him that Maggie Parrish "or others" used her notary stamp without her authorization to execute documents in real-property transactions and (2) Defendant did not understand a conviction would mean mandatory deportation from the United States. Defendant also made additional arguments on the record at the November 7, 2013, hearing to support his Motion.

For the reasons stated by the Court on the record at the November 7, 2013, hearing, the Court finds Defendant has not shown that any of the bases for his Motion, either collectively or individually, constitute a fair and just reason for withdrawing his guilty plea. Accordingly, in the exercise of its discretion, the Court denies Defendant's Motion.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#97) to Withdraw Guilty Plea.

IT IS SO ORDERED.

DATED this 8th day of November, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge